NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-3794

_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-15-cr-00168-001)
District Judge: Honorable Mark R. Hornak

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 7, 2019

Before: AMBRO, RESTREPO, and GREENBERG, Circuit Judges

(Opinion filed March 11, 2019)

_____

OPINION*

_____

AMBRO, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Frederick Banks was indicted in 2015 by a grand jury in the Western District of Pennsylvania on charges of cyberstalking, wire fraud, identity theft, and fraud on the court. Banks's appointed counsel quickly alerted the District Court of concerns regarding his mental status; throughout the proceedings Banks made statements both in person and in his filings that were, in the Court's words, "unrelated to the charges against [him], the proceedings in this Court, or any form of fundamental reality." The Court ordered him examined by a psychiatrist, Dr. Robert Wettstein. Dr. Wettstein's report, filed in December 2015, found that Banks was psychotic and delusional, but nonetheless concluded that he was competent to stand trial. Dr. Wettstein reached no firm conclusion as to whether Banks was competent to waive his Sixth Amendment right to counsel and represent himself.

The District Court held a competency hearing that same month but did not make any determination at that time, and in April 2016 it ordered Banks committed to the custody of the Attorney General for further examination. The examining psychiatrist, Dr. Heather Ross, concluded that Banks was so completely delusional that he was not competent to stand trial, let alone to represent himself at trial. The Court held another competency hearing on September 30, 2016, and on the basis of Dr. Ross's report ordered Banks committed to the Attorney General's custody for treatment and to determine whether he could ever be restored to competency. Banks filed this notice of appeal on October 3, 2016, the same day as the District Court's memorandum order setting out the result of the hearing. But on May 28, 2017, Banks filed a joint motion to

2

stay this appeal pending completion of the proceedings in the District Court, which a panel of this Court granted on June 23, 2017.

Meanwhile, the Warden at the facility to which Banks had been committed filed a report in April 2017 that Banks had been examined by Dr. Allisa Marquez, a staff psychiatrist at the facility, and that Dr. Marquez determined that Banks was not truly delusional or psychotic but rather had a personality disorder, and that all of his seemingly delusional statements were deliberately made and under his control. On December 12, 2017, the District Court issued a new opinion weighing all of the psychiatric evidence in the case and concluding that Banks was competent to stand trial but not competent to represent himself. Banks, acting *pro se* despite the Court's order, filed a notice of appeal challenging this ruling on December 22, 2017. That appeal was docketed at No. 17-3822.

In April 2018 the parties informed the Court that the stay of appeal in this case should no longer continue. It lifted the stay and the case proceeded to briefing. Banks's brief raised only one issue: whether the District Court erred in its determination that Banks was not competent to represent himself. The Government's brief argued that the Court's decision was not an abuse of discretion and thus should be affirmed. It also asserted that our Court lacks appellate jurisdiction for two reasons. First, "Banks has briefed the wrong appeal," Appellee's Br. at 24. His briefing addresses the District Court's ruling from December 2017, but this appeal was taken in October 2016, challenging the Court's order of October 3, 2016. Second, the Government contends that orders resolving a defendant's competency to represent himself may not be challenged by interlocutory appeal.

3

We agree with the Government that we lack appellate jurisdiction. Interlocutory appeal is available only where an order (1) finally and conclusively determines an issue, that is (2) separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment. *United States v. Wright*, 776 F.3d 134, 140 (3d Cir. 2015); *see also Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). This rule applies with particular strictness in criminal cases. *See Flanagan v. United States*, 465 U.S. 259, 265 (1984). The Government contends that a district court ruling on a defendant's competency never qualifies for interlocutory appeal, as the ruling may always be revised throughout the proceedings (*i.e.*, is not final) and can in any event be reviewed on appeal should the defendant be convicted after trial. *Indiana v. Edwards*, 554 U.S. 164 (2008), for instance, in which the Supreme Court established that a defendant who is competent to stand trial may nevertheless be incompetent to represent himself, came to the Court on direct appeal from a final judgment of conviction. *Id.* at 169.

We need not decide whether a competency ruling could ever be the subject of a proper interlocutory appeal, however, because this appeal is improper in any event. The October 3, 2016 order challenged here did not conclusively resolve the issue of Banks's competency, as the Court issued a new (and different) ruling on that topic fourteen months later. If Banks can properly appeal the District Court's competency determination on an interlocutory basis, he would have to challenge the December 2017 order—which he has also done, in No. 17-3822. The appeal before us today is not a proper way to raise those concerns.

4

Insofar as Banks tries to argue in his reply brief that the October 2016 order was appealable as a commitment order, *see* Reply Br. at 2–6, his merits brief did not raise any issues relating to his commitment, only to the ultimate determination of his incompetency to proceed *pro se*.  Any challenge to the October 2016 order in its capacity as a commitment order is therefore waived; it would likely also be moot at this point, as it appears Banks is no longer subject to commitment.

Accordingly, the appeal is dismissed.